**In the United States District Court
For the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| **Corey Spiller,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-3878 |
| | § | |
| **Harris County, Texas, Harris County** | § | |
| **Constable Precinct 7, Constable May** | § | |
| **Walker and Sgt. Jared Lindsay** | § | |
| | § | |
| *Defendants.* | § | |

<u>**HARRIS COUNTY'S MOTION TO DISMISS**</u>


Respectfully submitted,

*/S/ Suzanne Bradley*

OF COUNSEL:

V<small>INCE</small> R<small>YAN</small>
H<small>ARRIS</small> C<small>OUNTY</small> A<small>TTORNEY</small>

**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Facsimile: (713) 755-8924
suzanne.bradley@cao.hctx.net
**COUNSEL FOR DEFENDANT
HARRIS COUNTY**

**TABLE OF CONTENTS**

Table of Contents ..................................................................................................................... ii

Table of Authorities ................................................................................................................ iii

I.      Summary of the Argument ........................................................................................... 1

II.     Standard of Review ...................................................................................................... 1

III.    Argument ..................................................................................................................... 2

        A.      Constable is not a policymaker for Harris County as a matter of law .................... 2

        B.      Fifth Circuit has refused to find Constables policymakers for nearly 40 years ..... 5

        C.      Plaintiff raised only conclusory allegations as to Harris County ........................... 7

        D.      There is no freestanding right to be free from malicious prosecution .................... 8

        E.      Ratification cannot be shown ................................................................................ 10

        F.      Plaintiff cannot show failure to train .................................................................... 12

IV.     Conclusion ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 1, 2
*Aston v. City of Cleburne*,
  2000 WL 217876 (N.D.Tex. February 22, 2000) ........................................................ 8
*Baker v. McCollan*,
  443 U.S. 137 (1979) ..................................................................................................... 8
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 554 (2007) ..................................................................................................... 2
*Bennett v. City of Slidell*,
  728 F.2d 762 (5th Cir. 1984)(*en banc* ......................................................................... 5
*Bennett v. Pippin*,
  74 F.3d 578 (5th Cir. 1996) .......................................................................................... 3
*Bolton v. City of Dallas, Texas*,
  541 F.3d 545 (5th Cir. 2008) ........................................................................................ 3
*Bowden v. Jefferson County*,
  676 F. App'x 251 (5th Cir. 2017) ................................................................................. 4
*Bowles v. Cheek*,
  44 F. App'x 651, 2002 WL 1396929 (5th Cir. 2002) ................................................... 4
*Castellano v. Fragozo*,
  *352* F.3d 939 (5th Cir. 2003) ....................................................................................... 7
*Castro v. Collecto, Inc.*,
  634 F.3d 779 (5th Cir.2011) ......................................................................................... 1
*Castro v. McCord*,
  259 F. App'x. 664, 2007 WL 4467566 (5th Cir. 2007) ................................................ 4
*Chhim v. Univ. of Texas at Austin*,
  836 F.3d 467 (5th Cir. 2016) ........................................................................................ 2
*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988) .................................................................................................. 3, 9
*Colle v. Brazos County, Tex.*,
  981 F.2d 237 (5th Cir. 1993) ..................................................................................... 3, 7
*Coon v. Ledbetter*,
  780 F.2d 1158 (5th Cir. 1986) ................................................................................. 9, 10
*Ferrar v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) ........................................................................................ 2
*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ................................................................................. 9, 10
*Frank v. Harris Cty*,
  118 F. App'x. 799, 2004 WL 2914035 (5th Cir.2004) ................................................. 4

*Groden v. City of Dallas, Texas*,
   826 F.3d 280 (5th Cir. 2016) ................................................................................................... 3
*Hale v. King*,
   642 F.3d 492 (5th Cir. 2011) ................................................................................................... 2
*Harris County v. Nagel*,
   349 S.W.3d 769 (Tex. App. 2011) .......................................................................................... 4
*Harris Cty. v. Coats*,
   607 S.W.3d 359 (Tex. App. 2020) .......................................................................................... 5
*Hobart v. City of Stafford*,
   916 F. Supp. 2d 783 (S.D. Tex. 2013) .................................................................................. 10
*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*,
   379 F.3d 293 (5th Cir. 2004) ................................................................................................... 6
*Johnson v. Garcia*,
   2010 WL 4643730 (S.D. Tex. Nov. 9, 2010) ........................................................................ 10
*Keenan v. Tejeda*,
   290 F.3d .................................................................................................................................. 4
*Kesler v. King,*
   29 F.Supp.2d 356 (S.D.Tex.1998) .......................................................................................... 8
*Llamas v. Harris Cty., Texas,*
   No. 4:19-CV-1029, 2019 WL 7708605 (S.D. Tex. Nov. 22, 2019) ........................................ 7
*McMillian v. Monroe County,*
   520 U.S. 781 (1997) ................................................................................................................ 3
*Merritt v. Harris Cty*,
   775 S.W. 2d 17 (Tex. App. 1989) ..................................................................................... 4, 5
*Monell v. Department of Social Services,*
   436 U.S. 658 (1978) ............................................................................................................ 1, 2
*Neitzke v. Williams*,
   490 U.S. 319 (1989) ................................................................................................................ 1
*Pena v. Jimenez,*
   31 F. App'x. 833, 2002 WL 180460 (5th Cir.2002) ............................................................... 4
*Peterson v. City of Fort Worth, Tex.*,
   588 F.3d 838 (5th Cir. 2009) ................................................................................................... 9
*Rankin v. Wichita Falls, Tex.*,
   762 F.2d 444 (5th Cir. 1985) ................................................................................................... 1
*Reata Constr. Corp. v. City of Dallas,*
   197 S.W.3d 371 (Tex.2006) .................................................................................................... 8
*Rhode v. Denson*,
   776 F.2d 107 (5th Cir. 1985) ................................................................................................... 4
*Robinson v. Hunt Cty., Texas*,
   921 F.3d 440 (5th Cir. 2019) ................................................................................................... 3
*Shields v. Twiss*,
   389 F.3d 142 (5th Cir. 2004) ................................................................................................... 8
*Spivey v. Robertson*,
   197 F.3d 772 (5th Cir. 1999) ................................................................................................... 1
*Thompson v. City of Waco, Tex.*,
   764 F.3d 500 (5th Cir. 2014) ................................................................................................... 1

*Tonkin v. Harris Cty. Tex.*,
   257 F. App'x. 762, 2007 WL 4305103 (5th Cir.2007) ............................................................. 4
*Turner v. Upton County, Tex.*,
   915 F.2d 133 (5th Cir. 1990) ................................................................................................... 3
*Valle v. City of, Hous.*,
   613 F.3d 536 (5th Cir. 2010) ................................................................................................... 9

**Statutes**

42 U.S.C. Section 1983 ................................................................................................... 1, 5, 7, 8
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 ....................................................................... 8
Tex. Civ. Prac. & Rem. Code § 101.057(2) ............................................................................ 8
Tex. Loc. Gov't Code § 81.021(c) ........................................................................................... 5
Tex. Loc. Gov't Code § 86.021(c), (d) .................................................................................... 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 1

Harris County files its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and will show the court the following:

## I. SUMMARY OF THE ARGUMENT

Harris County should be granted its motion to dismiss because, as a matter of law, a constable is not a policymaker for Harris County under 42 U.S.C. Section 1983. Regardless and in the alternative, Plaintiff's petition is purely conclusory in regards to *Monell* and proof required to simply state a claim. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). This lawsuit should be dismissed with prejudice.

## II. STANDARD OF REVIEW

The Fifth Circuit reviews a Rule 12(b)(6) dismissal *de novo*. *Castro v. Collecto, Inc.,* 634 F.3d 779, 783 (5th Cir.2011). In reviewing a dismissal, the Court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014). However, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides that a party may argue that Plaintiff has failed to state a claim upon which relief can be granted. Thus, the allegations, even taken as true, must demonstrate the plaintiff is entitled to relief under a valid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Here, Plaintiff lacks a valid legal theory.

The Court does not look beyond the complaint to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When the well-pleaded facts are viewed in this light, dismissal is proper only where the plaintiff can prove no set of facts that would entitle him to the relief for which he prays. *Rankin v. Wichita Falls, Tex.*, 762 F.2d 444, 446 (5th Cir. 1985). However, "plaintiffs must allege facts to support the elements

1

of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). The court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrar v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); see also, *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In addition, threadbare recitals of a cause of action's elements supported only by conclusory statements will not survive a motion to dismiss. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

### III.  ARGUMENT

**A.  Constable is not a policymaker for Harris County as a matter of law.**

The Supreme Court has long held that Plaintiff must show a policymaker in order to prove a civil rights claim against a municipality. *Monell,* 436 U.S. at 691.

However, constables are not policymakers for any county in Texas, let alone Harris County. *Doe on behalf of M.F. v. Harris Cty. Precinct Six Constable Sylvia Trevino*,[1] No. 4:19-CV-01297, 2020 WL 1695054, at *7–8 (S.D. Tex. Apr. 7, 2020). Judge Charles Eskridge only a few months ago found that a constable is not a policymaker, relying on decades of well-established Fifth Circuit precedent.

Even accepting as true all of Plaintiff's allegations, he still cannot show that Constable Walker is a policymaker for Harris County because as a matter of law, she is not. Consequently,

---

[1] The correct spelling of the Constable's first name is Silvia.

2

he also cannot show Harris County was a moving force behind his allegations. This is fatal to Plaintiff's case entire against Harris County. The Court should be grant this motion to dismiss.[2]

In fact, the Fifth Circuit has ruled that "in Texas, the county sheriff is the county's final policymaker in the area of law enforcement, not by virtue of delegation by the county's governing body but, rather, by virtue of the office to which the sheriff has been elected." *Robinson v. Hunt Cty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019), *reh'g denied* (May 16, 2019), citing *Turner v. Upton County, Tex.* 915 F.2d 133, 136 (5th Cir. 1990); *see also Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). Thus, the sheriff's "actions are as much the actions of the county as the actions of th[e] [county] commissioners." *Turner*, 915 F.2d at 137. S*ee also Colle v. Brazos County, Tex.*, 981 F.2d 237, 244 (5th Cir. 1993) (explaining that the sheriff "clearly set the goals for the county and determined how those goals would be achieved").

The benchmark inquiry is identification of officials or governmental bodies "who speak with <u>final policymaking authority for the local governmental actor</u> concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Bolton v. City of Dallas, Texas*, 541 F.3d 545, 548 (5th Cir. 2008)(emphasis added), quoting *McMillian v. Monroe County*, 520 U.S. 781 (1997). Whether an individual is a final policymaker for the county is a question of state law. *Bolton*, 541 F.3d at 548.

Furthermore, the Supreme Court has repeatedly emphasized that the identity of the policymaker is a question of law, not of fact—specifically, a question of state law. *See, e.g.*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) ("We begin by reiterating that the identification of policymaking officials is a question of state law."). S*ee also, Groden v. City of*

---

[2] Plaintiff's complaint combines facts from another, unrelated lawsuit regarding a woman in a wheelchair and her disability claims (DE 1, at 8 and at 11). The complaint also uses both genders when referring to the Plaintiff, who is in his 20s.

3

*Dallas, Texas*, 826 F.3d 280, 284 (5th Cir. 2016).

Plaintiff does not identify a policymaker, but identifies Constable Walker as the elected official of Precinct 7. (DE 1, at 7 and13) in his complaint. But she is not a County policymaker.

The Fifth Circuit has consistently applied Texas law in a variety of factual situations pertinent to municipal liability. It has routinely held as a matter of law that constables are not policymakers, and a county cannot be held liable for a constable's conduct. *Rhode v. Denson*, 776 F.2d 107, 110 (5th Cir. 1985); *Bowden v. Jefferson County*, 676 F. App'x 251, 254–55 (5th Cir. 2017) (unpublished) (summarizing cases); see also, *Doe,* 2020 WL 1695054, at *7–8.[3]

However, the Fifth Circuit has found in a *very* limited circumstance that a constable can be a county policymaker. *Harris County v. Nagel*, 349 S.W.3d 769, 793-94 (Tex. App. 2011). In *Nagel*, the Fifth Circuit held that a constable is a county policymaker "for the limited purpose of serving mental-health warrants." *Id*. In *Nagle*, the Constables' office served mental health warrants countywide and an individual was allegedly harmed during the service of the mental health warrant. *Id*. at 794. The facts from *Nagel* do not apply to our case and is therefore inapplicable. This motion to dismiss should be granted as this issue is dispositive.

**B.      Fifth Circuit has refused to find Constables policymakers for nearly 40 years.**

In *Rhode,* the Fifth Circuit ruled in 1985 that a constable lacked the authority to make county policy. *Rhode,* 776 F.2d at 109-110. "We are unpersuaded that a constable of a Texas county precinct occupies a relationship to the county such that his edicts or acts" make policy. *Rhode,* 776 F.2d at 110; see also, *Merritt v. Harris Cty*, 775 S.W. 2d 17, 24 (Tex. App. 1989), *writ*

---

[3] See also, *Castro v. McCord*, 259 F. App'x. 664, 668, 2007 WL 4467566, at *18 (5th Cir. 2007) (unpub.); *Tonkin v. Harris Cty. Tex*., 257 F. App'x. 762, 763-64, 2007 WL 4305103 (5th Cir.2007)(unpub.)(per curiam); *Frank v. Harris Cty*, 118 F. App'x. 799, 802, 2004 WL 2914035 (5th Cir.2004)(unpub.); *Bowles v. Cheek*, 44 F. App'x 651, 2002 WL 1396929, at *1 (5th Cir. 2002)(unpub.)(*per curiam*); *Keenan v. Tejeda*, 290 F.3d at 263; *Pena v. Jimenez*, 31 F. App'x. 833, 2002 WL 180460 at *1 (5th Cir.2002).

4

*denied* (Nov. 29, 1989)(the identification of a policymaker is a question of state law, and not a question of fact); *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984)(*en banc*).

In *Merritt*, the Fourteenth Court of Appeals held that Harris County Constables, as officers of the court, do not have the authority to define objectives in the execution of the court's writ. *Merritt*, 775 S.W. 2d at 24. "Even though they are elected officials, they do not hold full sway over the tasks entrusted to them so as to constitute official policymaking authority. Though they possess a limited range of discretion in executing a writ, their power to make and enforce policy in this area is constrained by the courts, the Constitution, and the legislature." *Id*. at 24-25.

Since Constable Walker does not have official policymaking authority, Plaintiff cannot establish a policymaker as a matter of law; thus, he has failed to state a plausible § 1983 claim under *Monell*.

*Coats* thoroughly analyzed what a policymaker is in the context of the excessive force death of young man.[4] In *Coats,* the Appellee-Plaintiffs argued that a constable's law enforcement jurisdiction extends to the entire county. Tex. Loc. Gov't Code § 81.021(c); *see also* Tex. Att'y Gen. Op. No. GA-0189 at *4 (2004). The Fourteenth Court was not persuaded.

> We are not convinced, however, that a constable's jurisdictional reach can support the trial court's conclusion that the Precinct Four Constable is a law enforcement final policymaker for Harris County. A constable's state-given authority and discretion to perform law enforcement tasks within a county-wide geographic area <u>does not equate to authority to define law enforcement goals and means of achieving those goals for that county.</u> To the extent law enforcement jurisdictional reach is relevant, it certainly is not a weighty factor in the policymaker inquiry because <u>constables may perform law enforcement tasks outside of their respective counties</u>. *See* Tex. Loc. Gov't Code § 86.021(c), (d).

---

[4] *Harris Cty. v. Coats*, 607 S.W.3d 359 (Tex. App. 2020)(rehearing denied, en banc hearing denied, Rule 53.7 motion filed).

5

> Here, the Precinct Four Constable Office's civil process service jurisdiction extends not only to the boundaries of Harris County but to its seven contiguous counties—Fort Bend, Brazoria, Galveston, Chambers, Liberty, Montgomery, and Waller. **<u>No one could reasonably argue that Constable Hickman is a final policymaker for law enforcement in Galveston County merely because he is authorized to perform certain law enforcement functions there.</u>**

*Coats*, 607 S.W. at 376-77 (emphasis added).

Harris County should be dismissed.

**C.      Plaintiff raises only conclusory allegations as to Harris County**

Setting aside the dispositive issue that no constable can be a policymaker for any county, Harris County should also be dismissed because Plaintiff has done nothing more than assert conclusory allegations. Plaintiff, in only four paragraphs says "Plaintiff had her (sic) rights violated and was injured due to the policies, practices, customs and procedures of Harris County, May Walker and Precinct 7 (DE 1, at 13)." Then Plaintiff alleges, without more, that "Harris County, May Walker and Precinct 7 have a practice, custom, culture and/or training of (sic) permitted and/or encouraging excessive force, false arrest and malicious prosecution against suspects." Then Plaintiff states "no person was disciplined after the investigation of this well documented incident, thereby ratifying the conduct as acceptable policy."

When Plaintiff presents nothing more than conclusory allegations against Harris County, it is insufficient to elevate the events in his case to the level of custom or policy based on an isolated incident. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (where there was no proof of similar incidents, but plaintiff who had alleged policy or custom relied only on a single incident, his claim against the county failed).

The federal pleading standard demands more than an unadorned accusation that Harris County unlawfully harmed Plaintiff. Plaintiff provides no facts showing constitutional violations by Harris County in the treatment of anyone other than himself. Accordingly, Plaintiff's bare

6

allegations that Harris County violated his rights, even when viewed in the light most favorable to the non-movant, are insufficient to withstand a motion to dismiss. For example, in *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 245 (5th Cir. 1993), the Fifth Circuit held that "a plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity. For example, even though an arresting police officer uses excessive force, it does not necessarily follow that the city adopted a policy endorsing such acts." Thus, Plaintiff may not infer the existence of alleged policy and practice simply because he suffered harm from an interaction with Harris County. Because Plaintiff cannot point to a policy, custom, or a persistent and widespread practice of excessive force or false arrest, Plaintiff's Section 1983 claims should be dismissed.

**D.    There is no freestanding right to be free from malicious prosecution**

Malicious prosecution is not a cause of action in the Fifth Circuit under Section 1983 (DE 1, at 13). This type of claim is barred by *Castellano v. Fragozo,* 352 F.3d 939, 945 (5th Cir. 2003); *see also*, *Llamas v. Harris Cty., Texas,* No. 4:19-CV-1029, 2019 WL 7708605, at *4–5 (S.D. Tex. Nov. 22, 2019), *report and recommendation adopted*, No. CV H-19-1029, 2020 WL 410196 (S.D. Tex. Jan. 23, 2020).

> In relevant part, the majority opinion of the *en banc* Court explained:
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection - the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id*. at 953-54.

Only claims alleging a legally cognizable deprivation of a constitutional right can be asserted under 42 U.S.C. § 1983. *Id.* A plaintiff cannot state a cognizable § 1983 claim solely on the fact that charges were filed. *Id.* at 953 ("[C]ausing charges to be filed without probable cause

will not without more violate the constitution. So defined, the assertion of malicious prosecution states no constitutional claim."); *see also, Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004) ("To the extent that Shields complains of the fact that charges were filed against him, he has not stated a cognizable federal claim" (citing *Castellano*)). This claim should be dismissed.

Importantly, it is also well-settled Supreme Court precedent that Plaintiff cannot raise a state law tort in a Section 1983 action. Harris County is simply not liable for intentional torts. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). This is a material fact that Plaintiffs cannot overcome as a matter of law. See also, *Aston v. City of Cleburne,* 2000 WL 217876, at *3 (N.D.Tex. February 22, 2000) ("Absent that waiver of sovereign immunity, the Sheriff (and Ellis County) cannot be liable on this claim); *Kesler v. King,* 29 F.Supp.2d 356, 375–76 (S.D.Tex.1998).

The common law doctrine of sovereign immunity protects states and their political subdivisions from suits for money damages. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006) (citations omitted). The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Reata Constr. Corp.,* 197 S.W.3d at 373–74. But the Act specifically preserves immunity against intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2) (immunity applies to claims "arising out of … any other intentional tort").

Thus, on the face of Plaintiffs' pleadings alone, Defendant Harris County is entitled to the motion to dismiss on all the allegations of malicious prosecution in this 1983 action.

There is no cause of action for malicious prosecution. The County is immune from torts by state law. This is just the type of relief appropriate for a Rule 12(b)(6) motion. For these reasons, the court should dismiss with prejudice Plaintiff's § 1983 claim for malicious prosecution against Harris County.

### E.     Ratification cannot be shown

The Fifth Circuit has recognized ratification as a theory of liability against a municipality when the behavior of a state actor is approved by the policymaker. *Valle v. City of Hous.*, 613 F.3d 536, 542–43 (5th Cir. 2010). However, the Fifth Circuit has refused to find ratification simply because a municipality failed to punish an actor, as alleged here, for those actions on one occasion and have refused to infer an official policy from a single, isolated failure to punish an officer's misconduct. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

Under controlling Fifth Circuit precedent, ratification can only be applied to "extreme factual situations." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009). From his alleged harm, Plaintiff makes the thinnest of allegations of ratification against Harris County (DE 1, p. 13).  Plaintiff's allegations that Harris County failed to discipline the officers involved with the alleged assault and arrest do not support Plaintiff's claim that Harris County ratified the conduct of the officers by taking no action. First, Harris County did not and does not supervise or discipline constable deputies.

Regardless, even if a policymaker defends his subordinates who are later found to have violated the civil rights of a suspect, it does not show that the illegal behavior can be assumed to have resulted from official policy. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).

 Because Plaintiff has failed to plead any specific facts to show that the subject officers' alleged wrongful conduct was anything more than a one-time occurrence, there is no basis to conclude that Harris County ratified the officers' conduct, nor is there any basis to infer a persistent and widespread practice or custom of constitutional violations.

Importantly, a municipality can only be liable under this theory if the policymaker approves "the basis for" the subordinate's decision. *City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988).

"A municipality is not liable under the ratification theory where a Police Chief accepts his officers' version of events, so long as that version did not show that the deputies' actions were manifestly indefensible." *Hobart v. City of Stafford*, 916 F. Supp. 2d 783, 795 (S.D. Tex. 2013).

Further, the Fifth Circuit has held that a refusal to discipline an employee, standing alone, is "wholly insufficient to satisfy the nonmovants' summary judgment burden" for ratification. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Moreover, the Fifth Circuit has explained that a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality. *Peterson,* 588 at 847–52 (5th Cir. 2009); see also, *Coon,* 780 F.2d at 1161–62 (precedent "does *not* stand for the broad proposition that if a policymaker defends his subordinates and if those subordinates are later found to have broken the law, then the illegal behavior can be assumed to have resulted from an official policy"). In *Peterson,* the Fifth Circuit ruled precedent forecloses ratification liability. *Id.*

In sum, Plaintiff has failed to plead sufficient facts to support liability against Harris County under a theory of ratification, and importantly Harris County did not supervise or train these constable deputies. He has pled no facts to support liability other than conclusory allegations.

Further, a plaintiff cannot bypass the intentional tort exception simply by alleging that the government unit was negligent in its supervision and training of the employee. *Johnson v. Garcia*, 2010 WL 4643730, at *4 (S.D. Tex. Nov. 9, 2010). Thus, on the face of Plaintiffs' pleadings alone, Defendant Harris County is entitled this motion to dismiss.

F.  **Plaintiff cannot show failure to train**

Plaintiff has failed to allege an official policy promulgated by Harris County regarding training, nor has he pled factual allegations supporting a claim of failure to train theory of

10

municipal liability. And plaintiff will not be able provide additional facts after discovery because Harris County does not train constable deputies. This case should be dismissed

## IV. CONCLUSION

Constables are not policymakers for counties. The case law is clear. The entire case should be dismissed on this basis alone. Regardless, Plaintiff's thin pleadings also fail to establish a case, primarily because Harris County does not train, supervise, ratify or set policies for constable deputies. Malicious prosecution is not a cause of action in the Fifth Circuit. This case should be dismissed as to Harris County.

Respectfully submitted,

*/S/ Suzanne Bradley*

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Facsimile: (713) 755-8924
suzanne.bradley@cao.hctx.net
**COUNSEL FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this pleading was delivered on December 28, 2020 to the parties as follows:

**Plaintiff *via ECF*** 
Randall Kallinen 
511 Broadway St 
Houston, Texas 77012

                                    */s/  Suzanne Bradley* 
                                    **SUZANNE BRADLEY** 
                                    Assistant County Attorney