In the United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **Corey Spiller,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-3878 |
| | § | |
| **Harris County, Texas, Harris County Constable Precinct 7, and Constable May Walker,** | § § § § | |
| | § | |
| *Defendants.* | § | |

<u>**MOTION TO DISMISS PRECINCT 7 AND CONSTABLE WALKER**</u>

Precinct 7 and Constable Walker file this joint motion to dismiss and will show the court the following:

**I.   Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any

1

attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.[1] *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

**II.     Constable Walker in her individual capacity must be dismissed**

There is no basis for construing the Complaint (Docket Entry 1)(DE) to assert § 1983 false arrest and excessive force, failure to intervene, ratification or First Amendment claims against Constable Walker in her individual capacity.[2] Plaintiff does not allege that Constable Walker was personally involved in or causally connected to the excessive force. *See Khansari v. City of Houston*, 14 F. Supp. 3d 842, 852–53 (S.D. Tex. 2014) ("Absent personal involvement or notice, supervisors cannot be held liable for subordinates' actions.").

Plaintiff alleges there must be other excessive force claims against the deputy, and that there is pattern and practice of "excessive force, false arrest and malicious[3] prosecution (DE 1, pp. 8-13)." But there are no specific allegations against Constable Walker, only broad allegations.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted

---

[1] Plaintiff apparently attached a video for the court.
[2] Plaintiff's complaint appears to combine random facts from another, unrelated lawsuit regarding a woman in a wheelchair, and claims of violating the ADA (DE 1, at 8 and at 11). The complaint also uses both genders when referring to the Plaintiff, who is a young man in his 20s.
[3] There is no cause of action for malicious prosecution in the Fifth Circuit. This type of claim is barred by *Castellano v. Fragozo,* 352 F.3d 939, 945 (5th Cir. 2003); *see also*, *Llamas v. Harris Cty., Texas,* No. 4:19-CV-1029, 2019 WL 7708605, at *4–5 (S.D. Tex. Nov. 22, 2019), *report and recommendation adopted*, No. CV H-19-1029, 2020 WL 410196 (S.D. Tex. Jan. 23, 2020).

as true, to 'state a claim for relief that is plausible on its face.' " *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. <u>Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully."</u> *Id.* at 678 (emphasis added). In addition, threadbare recitals of a cause of action's elements supported only by conclusory statements will not survive a motion to dismiss. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Currently all Plaintiff has pled is speculation. Plaintiff, in only four paragraphs says "Plaintiff had her (sic) rights violated and was injured due to the policies, practices, customs and procedures of Harris County, May Walker and Precinct 7 (DE 1, at 13)." Then Plaintiff alleges, without more, that "Harris County, May Walker and Precinct 7 have a practice, custom, culture and/or training of (sic) permitted and/or encouraging excessive force, false arrest and malicious prosecution against suspects." Then Plaintiff states "no person was disciplined after the investigation of this well documented incident, thereby ratifying the conduct as acceptable policy."

When Plaintiff presents nothing more than conclusory allegations against Constable Walker, it is insufficient to elevate the events in his case to the level of custom or policy based on an isolated incident. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (where there was no proof of similar incidents, but plaintiff who had alleged policy or custom relied only on a single incident, his claim against the county failed).

**III.   Constable Walker in her official capacity must be dismissed**

Furthermore, any claim against Walker in her official capacity that is duplicative of Plaintiff's claims against Harris County and Precinct 7.

The Supreme Court established years ago that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *See Moss v. Harris Cty.*, No. CV H-14-2180, 2016 WL 9049981, at *2 (S.D. Tex. Jan. 13, 2016), *aff'd sub nom. Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413 (5th Cir. 2017) Therefore, any claim against Constable Walker in her official capacity is subsumed within Plaintiff's claims against Precinct 7 and Harris County, and she should be dismissed in her official capacity.

**IV.     Harris County Constable Precinct 7 lacks legal capacity to sue or be sued**

Federal Rule of Civil Procedure 17(b) addresses a party's capacity to sue or be sued. Rule 17(b)(3) provides that, for parties other than individuals sued in their individual capacity and corporations, the law of the state in which the federal court is located determines a party's ability to sue and be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3113 (5th Cir. 1991). Under Texas law, constables, sheriffs, and police departments are agencies not capable of being sued unless the superior corporation (e.g., the county or city) grants the agency "jural authority." *Id.*; *see Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D. Tex. Nov. 29, 2013) (citation omitted) ("In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'").

In *Miller,* the district court dismissed claims against a Constable's Precinct because it "is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged." *Id.* at *5; *see also Ramos v. Lucio*, No. CV B-08-122, 2008 WL 11503546, at *2 (S.D. Tex. Sept. 24, 2008) ("Plaintiffs have not alleged facts showing that Defendant Precinct 6 Constable's Office has been established as a separate legal entity….

4

Consequently, Precinct 6 Constable's Office should be dismissed for lack of jural capacity."); *Thomas v. Houston Cty. Precinct No. 3*, No. CIV.A. 9:05CV85, 2005 WL 1629793, at *2 (E.D. Tex. July 11, 2005) (granting motion to dismiss Houston County Precinct No. 3 because plaintiff did not show it had the legal capacity to sue or be sued). Furthermore, the Fifth Circuit recently affirmed dismissal of claims against a Constable's Precinct because the Plaintiff could not show the Constable's Precinct has the capacity to sue and be sued under Texas law. *Lancaster v. Harris Cty.*, No. 19-20445, 2020 WL 3958213, at *4 (5th Cir. July 10, 2020) ("Lancaster has directed us to no Texas law permitting Harris County entities (including the DA's Office, the District Clerk's Office, and precincts of the Constable's Office) to sue or be sued separately from Harris County. These offices therefore have no place in this lawsuit.").

Here, as in *Lancaster* and *Miller*, Plaintiff has failed to present any authority demonstrating that Harris County's Constable's Precinct 7 has been granted the capacity to sue and be sued. In accord with controlling precedent in this district, the Court concludes that Precinct 7 lacks the legal capacity to sue and be sued. Therefore, Plaintiff cannot state a plausible claim for relief against Precinct 7.

**V.    Conclusion**

Constable Walker must be dismissed in her individual and official capacities. Precinct 7 must be dismissed because it cannot be sued.

                                                        Respectfully submitted,

|  |  |
|---|---|
|  | */S/ Suzanne Bradley* |
| OF COUNSEL: | **SUZANNE BRADLEY** |
|  | Assistant County Attorney |
| CHRISTIAN D. MENEFEE | Federal ID No. 24567 |
| HARRIS COUNTY ATTORNEY | State Bar No. 00793375 |
|  | 1019 Congress, 15th Floor |
|  | Houston, Texas 77002 |

>Telephone:  (713) 274-5330
>Facsimile:  (713) 755-8924
>suzanne.bradley@cao.hctx.net
>**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was delivered on January 11, 2021 to the parties as follows:

**Plaintiff** *via ECF*
Randall Kallinen
511 Broadway St
Houston, Texas 77012

>*/s/  Suzanne Bradley*
>**SUZANNE BRADLEY**
>Assistant County Attorney