**In the United States District Court
For the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| **Corey Spiller,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:20-cv-3878 | |
| § | | |
| **Harris County, Texas, Harris County** § | | |
| **Constable Precinct 7, and Constable** § | | |
| **May Walker,** § | | |
| § | | |
| *Defendants.* § | | |

**MOTION TO DISMISS HARRIS COUNTY, PRECINCT AND CONSTABLE WALKER**

Harris County, Precinct 7 and Constable Walker, individually and in her presentative capacity, file this joint motion to dismiss Plaintiff Corey Spiller's First Amendment Complaint (Docket Entry 13)(DE) and for judgment on the pleadings. 12(b)(6) and 12(c).

**Background**

Plaintiff has filed a civil rights lawsuit that is fatally flawed. Rather than respond to Defendants' original motions to dismiss (DE 6 and 7), Plaintiff filed his amended complaint that still fails to address the core problems with his case: No precinct is a policymaker for Harris County, or any county in Texas; a precinct is not a legal entity capable of being sued; Constable Walker cannot be sued in her representative capacity as it is redundant; and she cannot be sued in her individual capacity based on these allegations. Plaintiff adds Americans with Disabilities Claims but it is well established that ADA[1] claims cannot be brought in a civil rights lawsuit nor is race a disability under the ADA.

---

[1] American with Disabilities Act 42 U.S.C. §§ 12102 *et seq*

1

Defendants re-urge its arguments stated in their original motion to dismiss briefing, and will not repeat those arguments here. But what is clear, is that even with an amended complaint, Plaintiff Spiller has not established any causes of action against Harris County, the Precinct and Constable Walker, as a matter of law. This case should be dismissed with prejudice.[2]

**A.     Standard**

Whether this court chooses to dismiss this case under 12(b)(6) or 12(c), or as a matter of summary judgment, as a matter of law, Plaintiff cannot fix his case. In truth the court should convert the 12(b)(6)motion to one for summary judgment. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Court's inquiry on a motion for judgment on the pleadings is necessarily limited to the pleadings themselves. *See Ark. River Co. v. U.S.,* 840 F.Supp. 1103, 1104 (N.D.Miss.1993) ("A motion for judgment on the pleadings is a self-descriptive motion which aptly explains that the court's inquiry is strictly limited to the pleadings."). As with a Rule 12(b)(6) motion, the Court may treat a motion for judgment on the pleadings as one for summary judgment when "matters outside the pleadings are presented to and not excluded by the court ..." Fed.R.Civ.P. 12(d).

A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion—that is, that the Court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief. *Brown v. CitiMortgage, Inc.,* 472 F. App'x 302, 303 (5th Cir.2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n.8 (5th Cir.2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[2] The Court has given Plaintiff until March 22, 2021 to serve an individual officer. (DE 14).

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Fifth Circuit has further explained that this standard requires that "factual allegations must be 'enough to raise a right to relief above the speculative level.' " *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC,* 352 F. App'x 945, 950 (5th Cir.2009) (per curiam) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct.1955). In evaluating the validity of a plaintiff's claims, the Court "will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312–13 (5th Cir.2002). However, the Court will not "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* at 313; *Brown,* 472 F. App'x at 303.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed.

R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.[3] *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

**B.      Amended complaint is not significantly different**

Plaintiff does not address the dispositive issues in Defendants' first motions to dismiss (DE 6 and 7). Instead, he adds these facts:

- Paragraph (Para.) 9 added "…Corey Spiller is African American."
- Para. 11 added "his girlfriend who is African American."
- Para. 23 is altered and reads "Two deputies indicate that the Taser is about to be used upon Corey. No deputy says not to use the Taser or attempts to stop the use of the Taser despite each one clearly hearing the Taser shall be used and having observed Supervisor Lindsay strangle Corey."
- Para. 27 added "Corey did not elbow Supervisor Lindsay."
- Para. 33 added "Corey was not intoxicated."
- Para. 41 identifies the older deputy as Lt. Hartley.
- Para. 55 add "due to Covid-19"
- Para. 61 to 65 are new:
    - 61. Precinct 7 deputy Kurt Higgins complained of negative comments about African Americans to Precinct &, however, nothing was done.
    - 62. Constable May Walker reviewed the footage of the strangulation of Corey along with internal affairs supervisor and both agreed not to discipline Supervisor Lindsay.
    - 63. In August 2019 Precinct 7 deputy constable W. Nowlin broke the arm of female Shynetia Johnson and then falsely charged her with interference with public duties.
    - 64. May 4, 2020 Precinct 7 deputy constable Rodney Sanders tasered a shackled and handcuffed African American suspect. Despite review of the incident by the supervisor of Precinct 7 internal affairs there was no discipline and Sanders was promoted to Sgt.
    - 65. Several suspects who experienced excessive force have been discouraged by Precinct 7 internal affairs not to file a complaint.

None of these new allegations overcomes Defendants' original motion to dismiss. The

---

[3] Plaintiff apparently attached a video for the court.

4

Precinct is not a policy maker for Harris County, the precinct is not a legal entity capable of being sued; Constable Walker in her representative capacity is not a policymaker for Harris County and Plaintiff has not shown that Walker is liable individually on these alleged facts (DE 6 and 7).

This case should be dismissed with prejudice, further amendment will not fix it.

C.   **New allegations do not overcome motions to dismiss**

Plaintiff alleges three new facts against Constable Walker at paragraphs 62 (individually), 63, and 64 (representative capacity). They all fail.

First, the constable is not a policymaker for Harris County (DE 6, at 2-5).

Paragraph 62 appears to advance a ratification theory "Constable May Walker reviewed the footage of the strangulation of Corey along with internal affairs supervisor and both agreed not to discipline Supervisor Lindsay." This is essentially the same allegation in the Original complaint (DE 1, at 13).

When Plaintiff presents nothing more than conclusory allegations against Constable Walker, it is insufficient to elevate the events in his case to the level of custom or policy based on an isolated incident. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (where there was no proof of similar incidents, but plaintiff who had alleged policy or custom relied only on a single incident, his claim against the county failed).

D.   **Plaintiff alleges only one other taser incident, and one other excessive force allegation unrelated to tasing**

Of course, two incidents do not overcome *Monell*[4], even without asserting that the

---

[4] *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 1978). The Fifth Circuit has summarized the elements required for a *Monell* claim as "a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001) (citation omitted). These elements "exist to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis." *Zarnow v. City of Wichita Falls,*

Constable is not a policymaker for the county.

Here are the new allegations; they are not enough:

"63. In August 2019 Precinct 7 deputy constable W. Nowlin broke the arm of female Shynetia Johnson and then falsely charged her with interference with public duties.

64. May 4, 2020 Precinct 7 deputy constable Rodney Sanders tasered a shackled and handcuffed African American suspect. Despite review of the incident by the supervisor of Precinct 7."

Mr. Spiller's allegations began in the early morning hours of December 21, 2019 on a Houston freeway. The taser allegation from May of 2020 occurred after 2019, and therefore is not notice of prior pattern practice to anyone in 2019. The August 2019 incident is not a taser incident. The Amended Complaint fails to put Constable Walker on notice.

Generally, "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)). Here, the Plaintiff fails to present evidence of a pattern of excessive force and relied solely on this incident. See also, *Villalba v. City of Laredo*, No. 5:14-CV-17, 2015 WL 5038337, at *5-6 (S.D. Tex. Aug. 26, 2015) (same); *cf. Backe*, 2 F. Supp. 3d at 1001 (denying summary judgment as to municipal custom of using excessive force where one incident involved "thirteen alleged victims, twenty alleged perpetrators or accomplices, and forty-nine separate alleged acts of police brutality"). See also, *Marshall v. Russell*, 391 F. Supp. 3d 672, 692 (S.D. Tex. 2018).

Plaintiff's evidence must be sufficient to demonstrate that a question for trial remains as to whether there existed a "persistent, widespread practice of city officials or employees" that "is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster*

---

*Tex.,* 614 F.3d 161, 167 (5th Cir.2010). See also, *Backe v. City of Galveston, Tex.*, 2 F. Supp. 3d 988, 998 (S.D. Tex. 2014)

*v. City of Houston,* 735 F.2d 838, 841 (5th Cir 1984). A successful showing of such a pattern "requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.' " *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). Peña's complaint fails the first two prongs.

To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Complaint that identifies just two "specific facts," and neither plausibly suggests that the city has a policy of tasing non-suspect minors is not enough. *Pena v. City of Rio Grande City*, 879 F.3d 613, 621–22 (5th Cir. 2018).

"While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired...." *Estate of Davis*, 406 F.3d at 383. See also, *Peterson*, 588 F.3d at 850 ("Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.' " (quoting *Webster*, 735 F.2d at 842)); see also, *Hicks-Fields v. Harris Cty., Texas,* 860 F.3d 803, 810–11 (5th Cir. 2017)

Plaintiff fails to establish *Monell* in this case, separate and apart from the other dispositive issues that require dismissal of the County, Precinct and Constable Walker as a matter of law.

E.  There are no ADA claims in a concurrent civil rights case

Plaintiff Spiller cannot use § 1983 as a method to enforce alleged violations of rights under

7

the ADA[5] and § 504 is foreclosed by *Lollar v. Baker,* 196 F.3d 603 (5th Cir. 1999).This has been the law for more than two decades. Further this is not an employment case.

To establish a *prima facie* case of discrimination under the ADA, the plaintiff must prove: (1) that he has a <u>disability or was regarded as disabled</u>; (2) that <u>he was qualified for the job;</u> and (3) that he was subject to an <u>adverse employment decision on account of his disability</u>. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). If he makes that showing, a presumption arises, and the employer must "articulate a legitimate non-discriminatory reason for the adverse employment action." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009).

The burden then shifts to the plaintiff to produce evidence from which a jury could conclude that the employer's articulated reason is pretextual. *Id.* To prevail on a perceived disability claim, a plaintiff must show that he "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Burton v. Freescale Semiconductor, Inc.,* 798 F.3d 222, 230 (5th Cir. 2015) (*quoting* 42 U.S.C. § 12102(3)(A)).

A plaintiff who seeks to prove he is disabled must prove that he has a physical or mental impairment. § 12102(2)(A). EEOC regulations define a "physical impairment" as "any

---

[5] The ADA, 42 U.S.C. §§ 12102 *et seq.,* provides that no covered entity shall "discriminate" against a qualified individual with a disability because of the disability of such individual in regard to, *inter alia,* "the hiring, advancement, or discharge of employees ... and other terms conditions, and privileges of employment." § 12112(a). Further, the ADA provides that the term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." § 12112(b)(5)(a). See *E.E.O.C. v. Chevron Phillips Chem. Co., LP,* 570 F.3d 606, 613–14 (5th Cir. 2009)

physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic, skin; and endocrine." 29 C.F.R. § 1630.2(h)(1). *E.E.O.C.*, 570 F. 3d at 614.

Additionally, *Lollar* held that because Congress created a specific and comprehensive enforcement mechanism under § 504 to ensure the rights of the disabled persons, the presumption controls against invoking a more general remedial scheme to vindicate those rights. *Id.* First there are no allegations that Mr. Spiller is disabled or that this case is related to his job. He was tased on a Houston freeway.

Regardless, he cannot pursue his ADA and § 504 claims through § 1983. See also, *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.,* 629 F.3d 450, 456–57 (5th Cir. 2010).

> In rejecting section 1983 as an enforcement mechanism for rights found in the Rehabilitation Act, we join the Eleventh Circuit. In *Holbrook v. City of Alpharetta,* 112 F.3d 1522 (11th Cir.1997), the Eleventh Circuit reasoned that both the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks that address every aspect of [a plaintiff's claim] under section 1983. To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenue of redress as well as section 1983 would be duplicative at best; in effect such a holding would provide the plaintiff with two bites at precisely the same apple. …

*Lollar,* 196 F.3d at 610.

**F.    Race is not a ADA disability**

Next, Plaintiff Spiller has alleged no disability; race is not a disability under the ADA. He cannot bootstrap a non-existent ADA claim to his 1983 civil rights claim.[6] While *Lollar* does the opposite (tying a 1983 action to an ADA claim), Mr. Spiller simply has no ADA claim.

> Although the crux of Green's entire complaint is that he was denied an accommodation for his disability due to race (a claim which he is eager to prove

---

[6] In paragraph 61, Plaintiff alleges "Precinct 7 deputy Kurt Higgins complained of negative comments about African Americans to Precinct & (sic), however, nothing was done." It is already established that race is not an ADA claim. See also paragraphs 9 and 11 of DE 13, Amended Complaint.

using comparator evidence), the Court previously explained that the specter of race is superfluous insofar as the ADA claim is concerned because the ADA does not redress racial discrimination. In other words, the ADA is not concerned with any reason for disparate treatment outside of the disability itself. Any claims based on race are cognizable only under Title VII.[2] (*Id.* at 4).

*Green v. United Parcel Serv., Inc.,* No. CV 18-8744, 2019 WL 1430244, at *1 (E.D. La. Mar. 29, 2019). See also, *Doe v. Harris Cty., Texas*, No. CV H-16-2133, 2017 WL 4402590, at *28–29 (S.D. Tex. Sept. 29, 2017*); Taylor v. Harris County et al.,* No. CV H-18-04811 at 31-37 (S.D. Sept. 22, 2020).

So the addition of plaintiff's race in the amended complaint is not proof of an ADA claim. In addition, Harris County did not discriminate against Mr. Spiller as it has no control over precincts (DE 6, at 2-5); the precinct is not a legal entity that can be sued (DE 7, at 4-5); Constable Walker is not a policymaker for Harris County (DE 6, 2-5).

**Conclusion**

Constable Walker must be dismissed in her individual and official capacities (DE 7). Precinct 7 must be dismissed because it cannot be sued (DE 7, at 4-5). Precincts are not policymakers for any County in Texas (DE 6 at 2-5), and Mr. Spiller has no ADA claims (DE 13). Not only should these defendants and causes of action be dismissed with prejudice, re-pleading will not alter these dispositive issues.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN D. MENEFEE
HARRIS COUNTY ATTORNEY

*/S/ Suzanne Bradley*
**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Facsimile: (713) 755-8924
suzanne.bradley@cao.hctx.net
**COUNSEL FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this pleading was delivered on February 1, 2021 to the parties as follows:

**Plaintiff** *via ECF*
Randall Kallinen
511 Broadway St
Houston, Texas 77012

                                      */s/ Suzanne Bradley*
                                      **SUZANNE BRADLEY**
                                      Assistant County Attorney