**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| **Corey Spiller,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-3878 |
| | § | |
| **Harris County, Texas, Harris County** | § | |
| **Constable Precinct 7, and Constable** | § | |
| **May Walker,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

The Court, having read the Motion to Dismiss the first amended complaint, HEREBY GRANTS the motion, and finds that:

1. **A precinct constable is not a policymaker for Harris County.**

Without a policymaker, there is no 1983 cause of action. *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). *See Castro v. McCord*, 259 F. App'x 664, 668 (5th Cir. 2007); *Keenan v. Tejeda*, 290 F.3d 252, 263 (5th Cir. 2002); *Bowles v. Cheek*, 44 F. App'x 651 (5th Cir. 2002); *Pena v. Jimenez*, 31 F. App'x 833 (5th Cir. 2002); *Sorrells v. Warner*, 21 F.3d 1109 (5th Cir. 1994); *Rhode*, 776 F.2d at 108-09 (reversing judgment against the county for constable's unconstitutional acts during attempted arrest). Federal district courts within the circuit are in accord, including, as relevant, in excessive force suits. *See, e.g., Gremar v. Bexar County, Tex.*, No. SA-13-CV-434-XR, 2014 WL 906796, at *2 n.1 (W.D. Tex. Mar. 7, 2014); *Birge v. Harris County*, No. 4:09-CV-660, 2009 WL 10693565, at *2 (S.D. Tex. May 21, 2009) (constable not county policymaker in excessive force

1

suit); *Ramos v. Lucio*, No. B-08-122, 2008 WL 11503546, at *3 (S.D. Tex. Sept. 25, 2008) (in excessive force case resulting from death of hog-tied suspect, court held precinct constable not county's final policymaker for law enforcement); *Drain v. Galveston County*, 979 F. Supp. 1101, 1103 (S.D. Tex. 1997) (shooting during arrest).

2. **A precinct is not an entity that can be sued.**

*Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D. Tex. Nov. 29, 2013) (citation omitted) ("In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'").

3. **Constable Walker cannot be sued in her representative capacity as she is not a policymaker for the County.**

See *Castro v. McCord*, 259 F. App'x 664, 668 (5th Cir. 2007); *Keenan v. Tejeda*, 290 F.3d 252, 263 (5th Cir. 2002); *Bowles v. Cheek*, 44 F. App'x 651 (5th Cir. 2002); *Pena v. Jimenez*, 31 F. App'x 833 (5th Cir. 2002); *Sorrells v. Warner*, 21 F.3d 1109 (5th Cir. 1994); *Rhode*, 776 F.2d at 108-09 (reversing judgment against the county for constable's unconstitutional acts during attempted arrest). Federal district courts within the circuit are in accord, including, as relevant, in excessive force suits. *See, e.g., Gremar v. Bexar County, Tex.*, No. SA-13-CV-434-XR, 2014 WL 906796, at *2 n.1 (W.D. Tex. Mar. 7, 2014); *Birge v. Harris County*, No. 4:09-CV-660, 2009 WL 10693565, at *2 (S.D. Tex. May 21, 2009) (constable not county policymaker in excessive force suit); *Ramos v. Lucio*, No. B-08-122, 2008 WL 11503546, at *3 (S.D. Tex. Sept. 25, 2008) (in excessive force case resulting from death of hog-tied suspect, court held precinct constable not county's final policymaker for law enforcement); *Drain v. Galveston County*, 979 F. Supp. 1101, 1103 (S.D. Tex. 1997)

2

*4.* **Constable Walker cannot be sued in her individual capacity because Plaintiff has failed to show her personnel involvement or notice**.

See *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 852–53 (S.D. Tex. 2014) ("Absent personal involvement or notice, supervisors cannot be held liable for subordinates' actions."). Plaintiff has also not shown the necessary notice under *Monell* pattern and practice in his allegations.

5.  **Plaintiff has also failed show he has an ADA claim**.

See *Green v. United Parcel Serv., Inc.,* No. CV 18-8744, 2019 WL 1430244, at *1 (E.D. La. Mar. 29, 2019). See also, *Doe v. Harris Cty., Texas*, No. CV H-16-2133, 2017 WL 4402590, at *28–29 (S.D. Tex. Sept. 29, 2017*); Taylor v. Harris County et al.,* No. CV H-18-04811 at 31-37 (S.D. Sept. 22, 2020); and *Lollar v. Baker,* 196 F.3d 603 (5th Cir. 1999).


The Court finds these defendants should be dismissed with prejudice and without leave to amend.


DATE: _____                    _____
                                    LYNN N. HUGHES
                                    UNITED STATES DISTRICT JUDGE