In the United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **Corey Spiller,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-3878 |
| | § | |
| **Harris County, Texas, Harris County Constable Precinct 7, and Constable May Walker,** | § § § § | |
| | § | |
| *Defendants.* | § | |

## MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendants file this Motion for Entry of Protective Order and respectfully shows the Court as follows:

### I. Basis for Motion

1. Law enforcement files maintained pursuant to section 143.089(g) of the Texas Local Government Code are confidential as a matter of law. Such files relating to the events and/or the individual Defendants made the basis of this lawsuit will be requested in discovery. Under appropriate circumstances the documents may be discoverable. However, given the sensitive nature of the documents, Defendants seek to limit disclosure of the documents to the parties in this lawsuit, and to confine the receiving parties' use of the documents to this lawsuit.

2. Section 143.089(g) of the Texas Local Government Code provides in pertinent part:

> A fire or police department may maintain a personnel file on a fire fighter or a police officer employed by the department for the department's use, but the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer.

In *City of San Antonio v. Texas Attorney General,* 851 S.W.2d 946, 949 (Tex.App.--Austin 1993, writ denied), the Court held, in pertinent part:

> We conclude the plain, simple and unambiguous terms of subsection (g) [of Section 143.089] permit only one reasonable construction--the legislature intended to deem confidential the information maintained by the City police department for its own use under subsection (g).

3. Further, Section 143.1214(b) of the Local Government Code does not allow for the release of this information. Section 143.1214(b) states in pertinent part:

> The department shall maintain an investigatory document that relates to a disciplinary action against a firefighter or police officer that was overturned on appeal, or any document in the possession of the department that relates to a charge of misconduct against a fire fighter or police officer ... only in a file created by the department for the department's use.

4. The Defendants request this Court enter an order addressing the corresponding Harris County constable files so as to encompass within the scope of the protective order any and all Precinct and Harris County files (including but not limited to Internal Affairs Division files, other divisional files, offense reports, training files and personnel files), and/or any other investigative reports, files, and/or the personnel files produced by the Defendants in this case.

5. The Defendants seek an order from this Court mandating that the documents produced by the Defendants and described in paragraphs 1 through 4 are to be used by the parties, their attorneys and staff, experts, court reporters, and any and all persons associated with the parties and their representatives, in reference to this lawsuit only, and that the documents produced by the Defendants are not to be disclosed, produced to, or discussed with anyone outside of this lawsuit, including but not limited to the public, media, those associated with the foregoing, and/or those associated with other lawsuits or potential lawsuits.

6. The Defendants seek an order from this Court that a proven violation of the protective order will result in use preclusion and/or monetary sanctions. That is, the violating party and his

attorney will not be allowed to use the document or document(s) that were the subject of the violation at trial or at any pretrial hearing.  It is also contemplated that upon a proven violation of this order, this Court may issue additional sanctions, monetary and/or otherwise against the offending party or parties.

7. The Defendants seek an order from this Court that documents covered by the protective order may be used in pre-trial motions but must be filed under seal, including all documents that may contain personal addresses, social security numbers, names of children and spouses, personal phone numbers and birth dates.  In addition, no exhibit filed with this court will be labeled with the personal home address of any Defendant nor contain any personal identifiers.

8. The Defendants seek an order from this Court that production of files and documents under the terms of the protective order will not serve as a waiver of any objections to admissibility that any of the parties, including Defendants, may have to any portion of the files and/or documents at time of trial.

9. The Defendants request that the protective order will remain in effect until further order of this Court, and that all persons, other than the parties and their attorneys, execute the included declaration of confidentiality and non-disclosure.  The Defendants also seek that all documents produced by the Defendants to any party, including any copies made by Plaintiff or copies sent to any experts,  will be returned to the Defendants by the party receiving those documents within sixty (60) days of the conclusion of this litigation.

## II.  Protection from Public Disclosure

10. The Defendants move to prohibit disclosure to the public of those documents, files, or items which are produced by the Defendants to Plaintiff, or any other party, and which are identified in paragraphs 1 through 7.

11. There is good cause as to why the requested motion for protection should be granted:

   a. Protection from public disclosure is likely to violate the privacy interests of a large number of witnesses including citizens, police officers, possible public officials and/or others who have given statements and/or any given testimony in this case.

   b. There is no legitimate reason for Plaintiff to disclose this information or documentation to the public; without protection Defendants personal information could lead to public harassment of Defendants at their homes and of their children and spouses.

   c. Public disclosure of the information and documentation produced in this case could affect the ability of the parties to have a fair trial, including the ability to seat a fair and impartial jury in both civil and criminal arenas.

   d. Protection from public disclosure will promote fairness and efficiency by eliminating media tactics and strategy.

   e. Protection from public disclosure will not result in any danger of abuse. *Brittan v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (N.D.N.C. 1991).

   f. Protection from public disclosure has no effect on Plaintiff's ability or inability to prove his case. *Id.*

   g. Protection from public disclosure is a good faith attempt by Defendants to provide Plaintiff and all parties with all relevant, and/or admissible documents without having to defend itself in the media or other non-judicial public forum.

   h. Finally, protection from public disclosure will allow the parties to freely exchange and engage in the discovery process, without the necessity of battling over or

seeking judicial intervention over voluminous documents at every turn in the discovery process.

### III. Inadvertent Production Provision

12. The Defendants seek an order from this Court that inadvertent production of any privileged or confidential document, item, or information (hereinafter "inadvertent production") is not and does not constitute waiver of the any privilege or confidentiality. The Defendants requests that the following provisions govern an inadvertent production:

a. The party receiving any inadvertent production shall immediately notify the Defendant's counsel upon discovering any inadvertent production and return the subject document(s) within five (5) business days of discovering same;

b. Upon request by the Defendants to return any inadvertent production, the receiving party will return the requested documents within five (5) days of said request;

c. In addition to immediate notification and the return of the inadvertent production, the receiving party will provide a written list of all persons who received, accessed, or reviewed the inadvertent production within five (5) days of discovering same or upon the Defendant's request for the return of the inadvertent production;

d. Inadvertent production cannot be used as evidence in any proceeding; and

e. Failure to adhere to the order generated from this motion, including but not limited to the inadvertent production provisions, will result in sanctions including but not limited to use exclusion as described above, attorney fees to be paid by the offending/receiving party, and/or court ordered sanctions.

13. Accordingly, the Defendants request that this Court enter a protective order regarding the documents or items produced by Defendants to any party and identified herein.

WHEREFORE, Defendants respectfully request this Court enter a protective order regarding the above referenced documents, and grant other further relief to which they may be justly entitled.

Respectfully submitted,

|  |  |
|---|---|
| OF COUNSEL: | */S/ Suzanne Bradley* <br> **SUZANNE BRADLEY** <br> Assistant County Attorney |
| CHRISTIAN D. MENEFEE <br> HARRIS COUNTY ATTORNEY | Federal ID No. 24567 <br> State Bar No. 00793375 <br> 1019 Congress, 15th Floor <br> Houston, Texas 77002 <br> Telephone: (713) 274-5330 <br> Facsimile: (713) 755-8924 <br> suzanne.bradley@cao.hctx.net <br> **COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was delivered on February 10, 2021 to the parties as follows:

**Plaintiff** *via ECF*
Randall Kallinen
511 Broadway St
Houston, Texas 77012

*/s/ Suzanne Bradley*
**SUZANNE BRADLEY**
Assistant County Attorney