**In the United States District Court
For the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| **Corey Spiller,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-3878 |
| | § | |
| **Harris County, Texas, Harris County Constable Precinct 7, and Constable May Walker, Jared Lindsay,** | § § § § | |
| | § | |
| *Defendants.* | § | |

# DEFENDANT JARED LINDSAY'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant JARED LINDSAY ("Defendant Lindsay") files this his answer, defenses, and affirmative defenses to Plaintiff's First Amended Complaint [Doc #13]. In support of said answer and defenses, Defendant Lindsay would respectfully show this Court as follows:

## I. Answer

1. With respect to the first unnumbered paragraph, no response is required. To the extent a response is required, Defendant Lindsay denies that he is liable to Plaintiff.

2. With respect to the allegations contained in paragraph 1, Defendant Lindsay admits that a body worn camera ("BWC") captured portions of Plaintiff's encounter, is without knowledge or information as to Plaintiff's prior arrest history, and specifically denies that Plaintiff was attacked by Defendant Lindsay or any other Constable employee and further denies that he (Defendant

Lindsay) is liable under the First, Fourth, and Fourteenth Amendments and under Title 42, Section 1983.

3. Defendant Lindsay is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

4. With respect to the allegations in paragraph 3, Defendant Lindsay admits that he can be served with process at 5290 Griggs Road, Houston.

5. Defendant Lindsay admits the allegations in paragraph 4.

6. With respect to the allegations in paragraph 5, Defendant Lindsay denies that Harris County Constable Precinct 7 is a jural entity and further denies it is subject to service of process.

7. With respect to the allegations in paragraph 6, Defendant Lindsay is without sufficient knowledge or information to form a belief as to whether Constable May Walker has been served with process.

8. With respect to the allegations in paragraph 7, Defendant Lindsay admits that this Court has jurisdiction but denies that Plaintiff is entitled to damages pursuant to the First, Fourth, Fifth and Fourteenth Amendments and any state law claims.

9. With respect to the allegations in paragraph 8, Defendant Lindsay admits that venue is proper.

10. With respect to the allegations in paragraph 9, Defendant Lindsay admits that Plaintiff is African American and is without sufficient knowledge or information to form a belief as to the remaining allegations.

11. With respect to the allegations in paragraph 10, Defendant Lindsay admits that a female was involved in a single vehicle crash on the South Sam Houston Tollway.

12.     In answer to paragraph 11, Defendant Lindsay admits that Plaintiff appeared at the scene and is without sufficient knowledge or information to form a belief as to the reason for Plaintiff's appearance.

13.     Defendant Lindsay admits the allegations in paragraph 12.

14.     Defendant Lindsay admits the allegations in paragraph 13 and admits that he wore a body worn camera ("BWC").

15.     With respect to the allegations in paragraph 14, Defendant Lindsay denies the allegations as stated, specifically denies the minute marker reference, but admits that he was a scene supervisor and that Precinct deputies were already present.

16.     With respect to the allegations in paragraph 15, Defendant Lindsay denies the allegations as stated, specifically denies the minute marker reference, admits that Plaintiff arrived after the accident, and further denies that Plaintiff and the female involved in the accident appeared sober.

17.     With respect to the allegations in paragraph 16, Defendant Lindsay denies the allegations as stated, specifically denies the minute marker reference, and further denies that the female spoke clearly and gave appropriate responses.

18.     With respect to the allegations in paragraph 17, Defendant Lindsay denies the allegations as stated, specifically denies the minute marker reference, but admits he remarked at the scene that he smelled alcohol emanating from both the female and Plaintiff.

19.     With respect to the allegations in paragraph 18, Defendant Lindsay denies the allegations as stated, specifically denies the minute marker reference, but admits he invited the deputies to sense the odor of alcohol emanating from the female and Plaintiff.

20.     Defendant Lindsay denies the allegations in paragraph 19 and asserts the investigation was not complete.

21. Defendant Lindsay denies the allegations in paragraph 20.

22. Defendant Lindsay denies the allegations in paragraph 21.

23. Defendant Lindsay denies the allegations in paragraph 22.

24. Defendant Lindsay denies the allegations in paragraph 23, denies the minute marker reference, but admits that another Sergeant discharged a Taser as Plaintiff attacked Sergeant Lindsay and a deputy constable. Lindsay denies strangling Plaintiff.

25. Defendant Lindsay denies the allegations in paragraph 24.

26. Defendant Lindsay denies as stated the allegations in paragraph 25, but admits he told Plaintiff that he was a supervisory constable officer.

27. Defendant Lindsay denies as stated the allegations in paragraph 26, denies the minute marker reference, but admits he stated that the female appeared intoxicated.

28. With respect to the allegations in paragraph 27, Defendant Lindsay denies the minute marker reference, but admits that he stated Plaintiff elbowed him because Plaintiff did in fact do so.

29. With respect to the allegations in paragraph 28, Defendant Lindsay denies the minute marker reference, but admits he instructed a tow truck operator to tow Plaintiff's vehicle because Plaintiff was under arrest and leaving the vehicle on the tollway would create a motorist hazard.

30. With respect to the allegations in paragraph 29, Defendant Lindsay denies the minute marker reference, but admits he inquired if anyone had seen his body camera because the camera was dislodged as a result of Plaintiff's attack.

31. With respect to the allegations in paragraph 30, Defendant Lindsay denies the allegations as stated, further denies the minute marker reference, and admits that an officer suggested in the future that Lindsay should use his Taser.

32. Defendant Lindsay denies the allegations in paragraph 31.

33. Defendant Lindsay denies as stated, the allegations in paragraph 32.

34. With respect to the allegations in paragraph 33, Defendant Lindsay denies the allegations as stated, further denies the minute marker reference, but admits he stated Plaintiff was drunk because Plaintiff appeared intoxicated.

35. With respect to the allegations in paragraph 34, Defendant Lindsay denies the minute marker reference, but admits he drove to the nearby Shell station where Plaintiff and Houston Fire Department paramedics were located.

36. Defendant Lindsay denies the minute marker reference and denies the allegations in paragraph 35.

37. Defendant Lindsay denies as stated, the allegations in paragraph 36, but admits he stated he would seek an assault charge against Plaintiff.

38. Defendant Lindsay denies the allegations as stated in paragraph 37, but admits that another Sergeant took photographs of the injuries Plaintiff inflicted upon Lindsay.

39. Defendant Lindsay denies as stated, the allegations in paragraph 38, but admits he did not punch Plaintiff.

40. With respect to the allegations in paragraph 39, Defendant Lindsay denies the minute marker reference, but admits he initially declined paramedic care and then accepted it.

41. With respect to the allegations in paragraph 40, Defendant Lindsay denies the allegations as stated, but admits he stated both the female and Plaintiff appeared intoxicated. Defendant Lindsay further admits that Deputy Lane agreed that Plaintiff appeared intoxicated.

42. Defendant Lindsay denies the allegations in paragraph 41.

43. Defendant Lindsay denies as stated, the allegations in paragraph 42.

44.     With respect to the allegations in paragraphs 43 and 44, Defendant Lindsay is without knowledge or information sufficient to form a belief as the truth of the allegations.

45.     Defendant Lindsay denies the allegations in paragraph 45.

46.     With respect to the allegations in paragraph 46, Defendant Lindsay denies the minute marker reference, but admits he stated he intended to view the BWC video.

47.     With respect to the allegations in paragraph 47, Defendant Lindsay admits that Plaintiff was arrested for assaulting Lindsay, a public servant, but denies the remaining allegations that Plaintiff did not assault Lindsay.

48.     Defendant Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendant Lindsay denies the misleading allegations in paragraph 49, and specifically denies that Plaintiff was strangled, slammed, and tackled, but admits that other law enforcement officers assisted Lindsay in arresting Plaintiff.

50.     Defendant Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     In answer to paragraph 51, Defendant Lindsay directed Deputy Johnson to prepare a report in connection with Plaintiff's assault.

52.     Defendant Lindsay is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 52-56.

53.     In response to the allegations in paragraph 57, Defendant Lindsay admits he did not contact the District Attorney or Court to change his statement or to dismiss any charge.

54.     Paragraph 58 contains propositions of law which do not pertain to Defendant Lindsay or require any answer.

55. Paragraph 59 pertains to Constable May Walker and does not require an answer from Defendant Lindsay.

56. Defendant Lindsay denies the allegations in paragraph 60.

57. Paragraphs 61, 63, 64 and 65 do not pertain to Defendant Lindsay and thus do not require an answer. To the extent an answer is required, Defendant Lindsay denies the allegations.

58. With respect to the allegations in paragraph 62, Defendant Lindsay admits he was not disciplined for this incident, denies that he strangled Plaintiff, and is without information or knowledge sufficient to answer the remaining allegations.

59. With respect to paragraph 66, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in paragraph 1-65.

60. Defendant Lindsay denies the allegations in paragraph 67 and the second paragraph 63.

61. With respect to the allegations in the second paragraph 64, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

62. Defendant Lindsay denies the allegations in the second paragraph 65, the second paragraph 66 and second paragraph 67.

63. With respect to the allegations in paragraph 68, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

64. Defendant Lindsay denies the allegations in paragraphs 69, 70, 71, 72, 73, and 74, and further denies that Lindsay or any other constable employee is liable to Plaintiff under direct or bystander liability because Plaintiff did not suffer any violation of his constitutional rights.

65. With respect to the allegations in paragraph 75, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

66. Defendant Lindsay denies the allegations in paragraph 76.

67. With respect to the allegations in paragraph 77, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

68. Defendant Lindsay denies the allegations as stated, in paragraphs 78-83, but asserts that he was carrying out a discretionary governmental function, that his conduct was objectively reasonable, and that he is entitled to qualified immunity. Plaintiff's arrest was supported by probable cause, and Lindsay and all other officers involved in the arrest used reasonable and necessary force. There was no violation of the First, Fourth, Fifth and Fourteenth Amendments.

69. With respect to the allegations in paragraph 84, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

70. Defendant Lindsay denies the allegations in paragraphs 85 and 87.

71. With respect to the allegations in paragraph 86, Defendant Lindsay admits he was not disciplined and further denies the allegations that any misconduct was ratified and the underlying and implied allegation that there was misconduct.

72. With respect to the allegations in paragraph 88, Defendant Lindsay admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

73. Defendant Lindsay denies the allegations in paragraph 89.

74. With respect to the allegations in paragraph 90, Defendant Lindsay admits that Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs.

75. Defendant denies the allegations in paragraph 91 and each subpart.

76. In answer to paragraph 92, Defendant Lindsay also requests trial by jury.

77. In answer to the unnumbered Prayer, Defendant Lindsay denies that Plaintiff is entitled to any damages and to any requested judgment.

78. Defendant Lindsay denies all previously unanswered allegations contained in the First Amended Complaint.

## II. Defenses and Affirmative Defenses

79. Defendant Lindsay states that Plaintiff fails to state claim for relief because Lindsay's actions in question (1) were done within the scope of his discretionary authority and in the course of his official responsibilities, (2) were objectively reasonable, and (3) did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

80. Defendant Lindsay states that Plaintiff's First Amended Complaint fails to state an actionable claim against him under federal law.

81. Defendant Lindsay states that any and all state law claims made against him are barred by Section 101.106, Civil Practices and Remedies Codes.

82. Defendant Lindsay states that probable cause existed to arrest Plaintiff.

83. Defendant Lindsay asserts at all relevant times, he was a licensed peace officer employed by Harris County and as such is entitled to qualified immunity and official immunity from suit and from damages because he acted without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper, and within as well as pursuant to the scope of his discretionary authority as a peace officer, and he did not violate clearly established law of which a reasonable person would have known.

84. Defendant Lindsay asserts that at all times he acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and is entitled to official immunity for any state law claims.

85. Defendant Lindsay further asserts that he cannot be liable to Plaintiff regarding any state law claims, because he was acting without the course and scope of his public duty in the

performance of a government function and when an employee acts in such capacity, that employee's liability can be no greater than that of the governmental entity.

86. Defendant Lindsay further asserts the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

87. Defendant Lindsay states at all relevant times he used only the amount of force objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

88. Defendant Lindsey states that all force used by him and other constable officers on the date of the incident in question were reasonable, necessary and justified based on the totality of circumstances.

89. Plaintiff's own actions were the sole cause or alternatively the proximate cause of the incident in question.

90. Defendant Lindsay would further show that the claims asserted by Plaintiff are frivolous, unreasonable or groundless. A prevailing defendant is entitled to attorney's fees in a civil rights actions when a Plaintiff's underlying claim is frivolous, unreasonable or groundless. Defendant Lindsay will seek to recover his reasonable and necessary attorney's fees as a prevailing arty in defending against Plaintiff's frivolous and groundless claims.

### III. Jury Demand

91. Defendant Lindsay requests trial by jury.

92. Defendant Lindsay reserves the right to amend or supplement his Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Jared Lindsay prays that Plaintiff take nothing by his suit, that Lindsay recover his costs and all other relief Lindsay may be entitled to in law and equity.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | */S/ Jim Butt*<br>**JIM BUTT**<br>Assistant County Attorney |
| CHRISTIAN D. MENEFEE<br>HARRIS COUNTY ATTORNEY | Federal ID No. 725423<br>State Bar No. 24040354<br>1019 Congress, 15th Floor<br>Houston, Texas 77002<br>Telephone:  (713) 274-5133<br>James.butt@cao.hctx.net<br>**COUNSEL FOR DEFENDANT JARED LINDSAY** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was delivered by electronic notification on February 12, 2021 to all parties of record.

*/s/  Jim Butt*
**JIM BUTT**
Assistant County Attorney