IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COREY SPILLER,** | )( | Civil Action No.:4:20-cv-3878 |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| V. | )( | |
| | )( | |
| **HARRIS COUNTY, TEXAS,** *et al.* | )( | |
| | )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE LYNN N. HUGHES:**

**Plaintiff COREY SPILLER** ("Spiller") files this response to Defendants Harris County, Precinct 7 ("Precinct 7) and Constable Walker's, Motion to Dismiss under Rule 12(b)(6) and 12(c), pursuant to the Federal Rules of Civil Procedure. In support of his response, Spiller would respectfully show the following:

**STANDARD OF REVIEW**

To survive a motion to dismiss, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal pleading standards do not require "detailed factual allegations…" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 555). Under Rule 12(b)(6), a complaint "must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). Dismissal is only appropriate "when a plaintiff fails to allege sufficient facts that, taken

1

as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir.2011) (citation omitted). Moreover, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and should rarely be granted (*Lormand v. US Unwired, Inc.*, 565 F.3d228, 232 (5th Cir. 2009) "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). On a motion to dismiss, the court's review is generally limited to the complaint and its proper attachments. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5thCir. 2008). Courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## ARGUMENTS

**I. This court should not employ a heightened pleading standard because Spiller met his burden to show his claims are facially plausible.**

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Fifth Circuit has explained that this standard "includes the basic requirement that the facts plausibly establish each required element for each legal claim." *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014). The supporting facts need only be plausible enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Twombly* at 556.

Here, Spiller has plausibly plead each element of his claims, alleging specific facts that, if true, establish liability against the defendants.[1] Specifically, Spiller pled Harris County Constable Precinct 7 has a custom of engaging in excessive force and a custom of using Tasers against suspects who, like Spiller, pose no threat to officers and are not resisting arrest or attempting to flee. CITE Compl. With respect to Walker, Spiller alleged that she hired Lindsay with knowledge of his history using excessive force, that she ratified his use of excessive force against Spiller by foregoing discipline after reviewing the incident, and that her actions directly resulted in Spiller's Constitutional injuries.

Defendants cite two cases in support of their assertion that "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." Def.'s Mot. to Dismiss at 6. However, both of those cases advance a summary judgement standard inapplicable here. Unlike *Fraire*, where the plaintiff failed to allege with appropriate particularity that county policy or custom directly resulted in a constitutional violation. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992); *Villalba v. City of Laredo*, No. 5:14-CV-17, 2015 WL 5038337, at *5-6 (S.D. Tex. Aug. 26, 2015). Spiller, on the other hand, has done just that: he alleges the county engages in a policy of tasing unarmed suspects whether or not they resist or pose any threat as well as engages in many acts of excessive force, herein choking and slamming. This policy, he alleges, directly resulted in violations against Spiller's constitutional right to be free from excessive force under the Fourth Amendment. To prematurely apply the summary judgement standard or trial standard at this stage would deny Spiller his right to obtain through discovery the facts necessary to sustain his claims through later phases of the litigation—facts that are not required at the pleading stage.

---

[1] Plaintiff asserts and relies on all facts in his live complaint whether repeated herein or not.

3

**II.   Both Defendants are policymakers for *Monell* purposes, because Precinct 7 has sole authority for policing the segment of the Sam Houston Tollway where Spiller was arrested.**

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To establish municipal liability under Section 1983, a plaintiff must present proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ). "A plaintiff must identify a policymaker who enacted, implemented, or enforced the policy which led to the alleged constitutional violations." *Joiner v. Murphy*, No. 3:15-CV-304, 2016 WL 8792315, at *3 (S.D. Tex. Aug. 12, 2016). *See also Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (a plaintiff must "identify a policymaker with final policymaking authority"); *Piotrowski*, 237 F.3d at 578 ("the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur"). The person or entity capable of subjecting the government to *Monell* liability must be an official or body "responsible under state law for making policy in *that area* of the [governmental entity's] business." *City of St. Louis v. Praprotnik*, 485 U.S. at 123, 108 S.Ct. at 924  (emphasis in original) (citing *Pembaur v. City of Cincinnati*, 475 U.S. at 482–83 & n. 12, 106 S.Ct. at 1298–300 and n. 12). Whether a particular official has policymaking authority sufficient to incur municipal liability under Section 1983 is a question of state law. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

While it is true that courts in the Fifth Circuit have been reluctant to find that constables and precincts are policymakers for multi-precinct Texas counties (*see, e.g., Rhode, 776 F.2d at 109–10*) relevant facts, such as those present here, have been found to create exceptions. *C.f., Garcia v. Dall. Cty., Tex.*, No. 3:10-CV-2521-N, 2012 WL 13102723, at *5–6 (N.D. Tex. Jul. 23, 2012) (finding constable was a policymaker with respect to employment decisions where a county does not extend civil service protection over constable precinct employees to provide a check on an elected constable's power); *Murphy v. Butler*, 512 F. Supp. 2d 975, 990 (S.D. Tex. 2007) (finding lack of oversight by commissioner's court made constable an actual policymaker for the county); *Frank v. Harris County*, 118 F. App'x 799, 802, 2004 WL 2914035, at *2 (5th Cir. Dec. 15, 2004)(constable admitted during deposition that he was final policymaker). Most notably, on facts analogous to Spiller's claims, a Texas appellate court found that a constable was a county's final policymaker concerning the manner in which mental-health warrants were executed, and therefore he could subject county to § 1983 liability for ratifying the conduct of deputies in using excessive force in execution of warrant. *See Harris Cty. v. Nagel*, 349 S.W.3d 769, 794 (Tex. App. 2011).

The district court in *Nagle* was persuaded by the fact that constable had supervisory authority over deputy constables, and the commissioners court had adopted a budget in which all of the county's funds for the service of mental-health warrants were allocated to the constable's office. 349 S.W.3d 769, 794. "Where the commissioners' court allocates all such funds and responsibility to a single precinct constable's office, that constable can be said to represent the county in that particular area of the county's business. This is so because the identification of the final policymaker in a given area is a matter of state law, 'which may include valid local ordinances and regulations.'" *Id,* quoting *Praprotnik,* 485 U.S. at 124–25, 108 S.Ct. at 924–25; *see also Brady*

*v. Fort Bend County,* 145 F.3d 691, 700, 702 (5th Cir.1998) (explaining that when Texas law allows no other official or governmental entity to exert control over a county elected official's discretion, the elected official is the final policymaker in that area of the county's business).

Similarly here, Harris County Constable Precinct 7 exercises exclusive control for policing the portion of the Sam Houston Tollway where Spiller was arrested which include patrolling in *Precinct 6* territory as well. Lindsay was acting in his official capacity on behalf of Precinct 7's Toll Road Division when he exerted excessive force and he did so in the furtherance of his duties with respect to the County and while on County property (note that non-Toll roads are owned by the state, and streets are owned by the City of Houston and other municipalities). The court found similar facts persuasive in *Nagle* and this Court should track the reasoning in that case.

Under Texas law, the principal organ of county government is the commissioners court. *Comm'rs Court of Titus County v. Agan,* 940 S.W.2d 77, 79 (Tex.1997) (citing Tex. Const. art. V, § 1). Its powers and duties "include aspects of legislative, executive, administrative, and judicial functions." *Id.* In creating the county budget, the commissioners court performs a legislative function. *Griffin,* 266 S.W.3d at 194–95. The allocation of county funds is a policymaking determination. *Hooten v. Enriquez,* 863 S.W.2d 522, 529 (Tex.App.-El Paso 1993, no writ). In adopting a budget in which funds for the patrolling of the relevant portion of the Sam Houston Tollway were allocated to the Harris County Precinct Seven Constable's office, the County effectively designated the constable of that precinct as the final official policymaker concerning the manner patrolling of its assigned territory occurs.

### III. Spiller alleged facts sufficient at this stage of the proceedings to establish liability for both defendants.

Liability is imposed on a "[local] government that, under the color of some official policy, 'causes' an employee to violate another's constitutional rights." See *Id.; Monell*, 436 U.S., at 692. In other words, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell*, 436 U.S. at 694. There must be proof of the existence of a constitutionally deficient official policy, practice or custom, as well as proof that the official policy, practice or custom was the "moving force" behind the constitutional violation, *Board of County Comm'rs v. Brown*, 520 U.S. 410 (1997).

As a result of the Defendants' deficient policies, policy makers being aware that those policies are deficient, and being aware that its officers are relying on deficient policies while acting under the color of law, Spiller's constitutional rights were violated. The Defendants' acts therefore demonstrated deliberate indifference, which was the moving force behind Spillers injuries. The Defendants' policies provided its officers with no structure, no measures of accountability, and meager legal guidance. It was therefore obviously foreseeable that constables and deputy constables would act in a way that wholly lacked official supervision, lacked fear of accountability, and lacked fear of penalties for committing constitutional torts.

A.  **Defendants failed to train and discipline Lindsay and the deputy constables.**

The inadequacy of police training may serve as the basis for § 1983 liability when the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Canton,* 489 U.S. 378 (1989). To succeed on such a claim, the plaintiff must show 1) the city failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights;

and 3) deliberate indifference. *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Plaintiff must demonstrate "at least a pattern of similar incidents" in which citizens were injured to establish the official policy requisite to municipal liability under § 1983. *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989). Prior incidents of abusive police conduct tend to prove a pattern or custom and the acceptance of that custom by the policymaker. *Bennett v. Slidell*, 728 F.2d 762 (1984).

Spiller has alleged specific facts to support each of these elements. While defendants argue Spiller's factual assertions do not support a pattern and practice claim, they again cite to case law applying a summary judgement standard. At this stage of the proceeding, such detailed facts are not required to sustain Spiller's claims and the court should allow the discovery process to unfold to afford Spiller the opportunity to develop additional fractal support.

B. **Defendants ratified Corral's unconstitutional conduct.**

Failure to discipline officers post-event "may be evidence of a policy commencing from that part in time when no discipline was invoked. . .". *Grandstaff v. City of Borger*, 779 F.2d 161 (5th Cir. 1986). Disposition of the policymaker may be inferred from his conduct after the violation, if there were no reprimands, no discharges, no admissions of error, or no changes have been made to the policy. *Id*. at 171. The subsequent acceptance of dangerous recklessness by a policymaker tends to prove his pre-existing disposition and policy. *Id*. at 170. While subsequent cases have limited *Grandstaff*'s application in this Circuit, the involvement of so many of Lindsay's deputy constables and his supervisor in a concerted effort to suppress the evidence against him, implicates the County in ratifying Lindsay's unconstitutional conduct. *See, e.g.*, *Bordanaro v. McLeod*, 871 F.2d 1151, 1157 (1st Cir. 1989).

Likewise *Grandstaff* is applicable here because Walker viewed the videotape of Lindsay's excessive force and failed to take any steps to discipline him.

C. **The violation giving rise Spiller's claim alone is sufficient to establish municipal liability.**

Even if this Court rejects other incidents as evidence establishing a pattern or practice, controlling precedent allows for municipal liability demonstrated by a single incident. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Brown v. Bryan Cty.*, 219 F.3d 450, 461 (5th Cir. 2000). In *Canton*, the Supreme court reasoned some deficiencies in training and supervision are "so obvious," that failure to correct them may properly be characterized as "deliberate indifference" to constitutional rights. *Id.* at 390. This Circuit has applied *Canton's* hypothetical exception where the facts giving rise to the violation are such that it should have been apparent to a policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train. *See Brown,* 219 F.3d at 461; *cf*, *Burge v. St. Tammany Par.*, 336 F.3d 363 (5th Cir. 2003) (acknowledging *Canton* exception but rejecting its application because plaintiff did not establish existence of the single violation alleged).

Just as the plaintiff in *Brown v. Bryan* successfully showed, Spiller alleges that defendants' failure to train Lindsay and the deputy constables, demonstrate that a County policymaker was deliberately indifferent to the risk that the violation against Spiller would occur.

For the foregoing reasons, whether on the basis of this single incident, or on the basis of the pattern alleged by Spiller, this Court should deny defendants' motion to dismiss.

Respectfully Submitted,
Kallinen Law PPLC

/s/ *Randall L. Kallinen*
Randall L. Kallinen
State Bar of Texas No. 00790995

9

U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
FAX:        713.893.6737
E-mail:    AttorneyKallinen@aol.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the all counsel appearing in this cause and pro se parties on this the 15th Day of March, 2021 by filing with the ECF System of the United States District Court for the Southern District of Texas.

*/s/ Randall L. Kallinen*
Randall L. Kallinen