United States District Court
Southern District of Texas
**ENTERED**
July 09, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Corey Spiller, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-3878 |
| | § | |
| Harris County, Texas, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.  *Facts.*

On December 21, 2019, Corey Spiller's girlfriend lost control of her car and crashed on a Houston road. No other cars were involved. She called the police, and she called Spiller because she could not drive her car home.

When Spiller arrived, several police officers were at the accident scene, including Sergeant Jared Lindsay. Lindsay spoke to Spiller and his girlfriend. Spiller says that, without provocation, Lindsay grabbed him by the throat and slammed him down on his car. He also says that Lindsay told the other officers that Spiller had elbowed him and then used a Taser on him.

Spiller was arrested for felony assault on a police officer; the charge was dismissed. He sued Harris County, Harris County Constable Precinct 7, and Constable May Walker, as an individual and in her official capacity, for: (a) excessive force, (b) unreasonable seizure, false arrest, and false imprisonment, (c) bystander liability, (d) First Amendment violations, (e) violations of the Americans with Disabilities Act, and (f) a pattern or practice of using excessive force.

Harris County, Harris County Constable Precinct 7, and Walker have moved to dismiss. They argue that: (a) the constable is not a policymaker, (b) Precinct 7 cannot be sued, and (c) Spiller has shown no evidence of a custom or policy of excessive force. Harris County, Precinct 7, and Walker will prevail.

2.  *Precinct 7.*

Constables, sheriffs, and police departments cannot be sued unless the county or city permits them to sue and be sued.[1] Spiller has shown no facts indicating that Precinct 7 can be sued separately from Harris County or the City of Houston. It is dismissed from this case.

3.  *Pattern or practice of using excessive force.*

To establish liability, Spiller must plead facts to show that there exists a persistent, widespread pattern or practice.[2] It does not need to be officially adopted, but policymakers must have actual or constructive knowledge of the practice. This can be shown through discussions at council meetings, prolonged public discussion, or high publicity.[3]

Spiller says that Harris County and Walker have a practice of permitting or encouraging excessive force, false arrests, and malicious prosecutions. He also says that there is a pattern of discouraging excessive force complaints.

Spiller offers two isolated incidents to support his claim that there is a practice of excessive force in Precinct 7. He says that, in August 2019, a deputy constable broke a woman's arm and charged her "with interference with public duties." Almost a year later, another deputy constable used a Taser on a handcuffed suspect; the deputy constable was not disciplined, and he was later promoted to sergeant.

A pattern or practice must be proven with similarity and specificity, not simply with bad acts. Spiller has offered two incidents that happened almost a year apart; neither involves a Taser. He says that no officer was disciplined after Spiller's "well-documented" arrest, "ratifying the conduct as acceptable policy."

---

[1] *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991).

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

[3] *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808–09 (5th Cir. 2017).

He offers bad acts instead of similar, specific violations. These incidents are unfortunate, but they do not show that there is a practice of excessive force in Precinct 7.

Spiller offers no facts to support his claims that Harris County and Walker permit or encourage false arrests and malicious prosecution. He also offers no facts indicating that there is a pattern of discouraging excessive force complaints.

These claims are dismissed.

4. *Remaining claims.*

Spiller appears also to sue Harris County and Walker for: (a) excessive force, (b) unreasonable seizure, false arrest, and false imprisonment, (c) bystander liability, (d) First Amendment violations, and (e) violations of the Americans with Disabilities Act.

He has pleaded no facts to support these claims. Harris County and Walker were not involved in, near, or connected to Spiller's arrest. No fact indicates that Spiller was arrested because he asked questions about his girlfriend, and he has not pleaded a disability under the Act.

These claims are dismissed.

5. *Conclusion.*

Harris County, Harris County Constable Precinct 7, and Constable May Walker will be dismissed from this case.

Signed on July 8, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge