UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

January 20, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Corey Spiller, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-3878 |
| | § | |
| Harris County, Texas, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

I.    *Facts.*

On December 21, 2019, at 4:00 a.m., Corey Spiller's girlfriend crashed her car on a Houston freeway. She called Spiller to pick her up because she could not get home. When Spiller arrived, several police officers were at the accident site, including Sergeant Jared Lindsay.

Lindsay identified himself as the supervisor. He asked Spiller's girlfriend to explain what had happened. Then, Lindsay told her to accompany another officer to a location off the tollway and that Spiller could follow them. Spiller insisted that he wanted to speak to another officer.

The altercation escalated. Spiller spoke over Lindsay as Lindsay walked toward him. Lindsay grabbed him by the throat and slammed him down on the hood of the nearest car. Lindsay slammed Spiller on the nearest car to restrain him. Then, Spiller swung at him, missed, and tried again. The videos show that Lindsay responded by saying "don't you...swing at me."

Deputy Johnson pushed Spiller to the floor. It is disputed whether Lindsay's right hand was trapped. Spiller says that Lindsay told the other officers that Spiller had elbowed him, and they used a Taser on him.

Spiller sued Jared Lindsay for: (a) excessive force, (b) unreasonable seizure, false arrest, and false imprisonment, (c) bystander liability, (d) First Amendment violations, and (e) ratification of a pattern or practice of using excessive force.

Jared Lindsay moved for summary judgment.

2.     *Qualified Immunity.*

To defeat qualified immunity, Spiller must show that (1) Lindsay violated a constitutional right of his, and (2) his actions were objectively unreasonable in light of clearly established law and facts.[1]

Spiller says that Lindsay violated his Fourth Amendment rights through an unlawful arrest and excessive force.

### A.     *Fourth Amendment - Excessive Force*

Excessive force violates the Fourth Amendment when there is: (1) an injury, (2) which resulted from use of force that was clearly excessive, and (3) the excessiveness was clearly unreasonable.[2] Based on the facts, the court may consider (1) the severity of the crime, (2) the immediate threat to other officers, and (3) whether the defendant was actively resisting arrest.[3] The Court must view the facts through the eyes of a reasonable officer at the time.

Spiller says Lindsay's force was excessive and unreasonable. He says he posed no safety threat and he was not resisting arrest.

Based on the body–camera footage, Spiller was interfering in a police matter. He refused to speak with Lindsay, the supervisor on duty. Lindsay told Spiller he could meet his girlfriend at another location. Spiller was persistent that he did not want to speak with Lindsay. The camera shows Spiller turned his elbow toward Lindsay.

Spiller's interference with a police incident provoked his arrest. Lindsay neutralized him. Spiller resisted arrest. When he was pushed to the hood of his car, he punched back at Lindsay. When Lindsay arrested Spiller, he did not injure him. Lindsay was treated for a lip injury, scrapes on his right knuckles and pain on his right elbow.

---

[1] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008)

[2] *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009)

[3] *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Spiller must show a genuine issue of material fact that no police officer could have believed that their conduct was lawful in light of clearly established law. Based on the video, it is undisputed that Lindsay put his hand on Spiller's throat. A reasonable officer could see that reaction was lawful to respond to an uncooperative witness. The circumstances show that Lindsay made a reasonable judgment. He did not violate Spiller's constitutional right.

Lindsay is still entitled to immunity from suit if the right was not clearly established at the time of the violation. It must be indisputable that the conduct was unconstitutional.[4]

Spiller says this excessive force was clearly established. He cited cases that are distinct from the facts here. A police officer used excessive force when he pushed a suspect that did not follow a police officer's instructions onto the car and struck him with a baton.[5] A police officer used excessive force when he tased a suspect after he was lying face down on the ground because he did not comply with orders to put his hands behind his back.[6] In both these scenarios, the officers resorted to excessive force when a suspect *was not* resisting arrest.

Spiller was resisting arrest. He says he did not resist arrest until after Lindsay put his hands on his neck. Based on the video, he was not responding to orders well before the incident escalated. When words do not work, physical force is the next logical step. Lindsay neutralized Spiller to prevent further disturbance of the police work. Spiller was taken to the ground after he tried to punch Lindsay. Lindsay did not tase him. Lindsay's use of force was not excessive based on the rights clearly established at this time.

B.    *Fourth Amendment - Unlawful Arrest*

Spiller claims this was an unlawful arrest. An arrest is lawful when there is probable cause that the suspect has committed an offense.[7]  The court can take

---

[4] *Mullenix v. Luna*, 136 U.S. 305, 308 (2015)

[5] *Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012)

[6] *Ramirez v. Martinez*, 716 F.3d 369 (5th Cir. 2013)

[7] *Turner v. Driver*, 848 F.3d 678, 694 (5th Cir. 2017).

judicial notice of a magistrate's determination of probable cause.[8] The arrest was made on an alleged violation of §38.15 of the Texas Penal Code for interference with public duties. A magistrate found that Lindsay had probable cause to arrest Spiller.

A reasonably competent officer could have believed that probable cause existed for his arrest. The facts show that Spiller was interrupting Lindsay. Spiller was only at the scene to pick up his girlfriend because her car crashed. When Lindsay told Spiller's girlfriend to go with the officer in the car, it was protocol to get the car off the highway. Spiller had no reason to question the officer's judgment. He was not the subject of the investigation, his girlfriend was. He continued to press Lindsay. A reasonable officer could think that a person questioning orders is interfering with a police matter.

Lindsay had probable cause to arrest Spiller before Lindsay touched him. Spiller shows no genuine issue of material fact that Lindsay's arrest violated the Fourth Amendment.

2.     *Bystander Liability.*

An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating a person's constitutional rights, (2) was present at the scene of the violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act.

Spiller says Lindsay is liable as a bystander to other officers' violation of Spiller's First and Fourth Amendment rights. Lindsay says he was unable to intervene because he was trapped underneath Spiller and another officer. Based on the video, it is unclear whether Lindsay was trapped. Still – Spiller's constitutional rights were not violated. Lindsay had probable cause to arrest Spiller and used reasonable force to neutralize him. In a split second, the officers at the scene reasonably responded to the fight with a taser when they saw Spiller resisting arrest. Lindsay is still entitled to qualified immunity because Spiller's bystander liability claim fails.

---

[8] *Dent v. Methodist Health Sys.*, 2021 WL 75768, at *2 (N.D. Tex. Jan. 8, 2021)

3.      *First Amendment.*

To succeed on a First Amendment retaliation claim, Spiller must show: (1) he was engaged in constitutionally protected activity, (2) that Lindsay's actions would chill a reasonable person from continuing to engage in that activity, and (3) Lindsay was substantially motivated by Spiller's constitutionally protected conduct.[9] Spiller says Lindsay arrested him in retaliation for his speech.

The Supreme Court has said a retaliatory arrest claim under the First Amendment must show an absence of probable cause, unless there is evidence of similarly-situated people who did not engage in protected speech that were not arrested.[10] Spiller does not give any support to show that otherwise similarly situated people who did not engage in his "protected speech" were not arrested.

Spiller was arrested for interfering with a police matter, not because he asked questions to an officer. Lindsay answered his question about moving Spiller's girlfriend off the highway to another location. Spiller did not like the answer and dismissed Lindsay's orders. Because Lindsay had probable cause to arrest Spiller, his First Amendment arrest claim fails.

4.      *Conclusion.*

Corey Spiller's claims against Jared Lindsay are dismissed.

Signed on January __19__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[9] *Alexander v. City of Round Rock*, 854 F.3d 298 (5th Cir. 2017)

[10] *Nieves v. Bartlett*, 139 U.S. 1715, 1727 (2019)